UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jon Patrick Kittle,

        Petitioner,

                                   Case No. 2:06-cv-14538

v.                                    District Judge Marianne O. Battani
                                    Magistrate Judge Steven D. Pepe

Douglas Vasbinder,

        Defendant.

_____/

### REPORT AND RECOMMENDATION ON
### JON PATRICK KITTLE PETITION FOR WRIT OF HABEAS CORPUS (DKT. # 1)

Petitioner Jon Patrick Kittle was convicted of four counts of first degree criminal sexual conduct (CSC) for acts of sexual penetration involving a minor.  On March 31, 1999, Petitioner was sentenced to prison for four concurrent terms of  30-70 years as a fourth habitual offender/second sexual offender.  Petitioner appealed as of right.  The Michigan Court of Appeals vacated his first-degree criminal sexual conduct convictions and remanded for entry of judgment for conviction of four counts of third-degree CSC conduct and resentencing.  *People v. Kittle*, No 211628 (Mich App, Aug 11, 2000). The Government's application for leave to appeal to the Michigan Supreme Court was denied.  *People v. Kittle*, 465 Mich 929 (2001).

On October 16, 2006, Petitioner filed a timely habeas petition under 28 U.S.C. §2254 challenging his conviction and sentence.  This matter has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons indicated below, it is RECOMMENDED that this Petition be DENIED.

1

I.      BACKGROUND

After the Michigan Court of Appeals remanded the case for entry of judgment and

sentence consistent with four counts of third-degree CSC conduct, the trial court on February 26,

2002, resentenced Petitioner to four concurrent terms of 25-50 years imprisonment as a

fourth-degree habitual offender/second sexual offender. Petitioner again appealed.  On

December 18, 2003, the Michigan Court of Appeals affirmed Petitioner's convictions and

sentences.  *People v Kittle, No 240491* (Mich App, Dec 18, 2003).  Petitioner's application for

leave to appeal in the Michigan Supreme Court, was denied on June 30, 2004.  *People v Kittle*,

No 125520.

Petitioner subsequently filed a motion for relief from judgment in the trial court, which

was denied on November 15, 2004.  Petitioner then filed an application for leave to appeal in the

Michigan Court of Appeals.  On June 24, 2005, the Court of Appeals issued an order denying

leave to appeal for failing to establish entitlement to relief under MCR 6.508(D).  *People v.*

*Kittle*, No 259476 (Mich App, June 24, 2005).  Petitioner filed an application for leave to appeal

in the Michigan Supreme Court raising the same claims. On December 27, 2005, the Court

issued an order denying leave for failing to establish entitlement to relief under MCR 6.508(D).

*People v. Kittle*,  No 129109 (Mich, Dec 27, 2005).

Petitioner's habeas petition challenges his conviction on the following grounds:

I. Petitioner was denied his Fourteenth Amendment right to a
fundamentally fair trial by the trial court's erroneous admission of
highly prejudicial similar acts evidence.

II. Petitioner was denied his Fourteenth Amendment right to a
fundamentally fair trial, as well as his rights of confrontation, compulsory process,
and his right to present a defense, by the prosecutor's introduction of prior bad acts
evidence relating to Petitioner's alleged molestation of a "little girl". The admission of

2

the evidence was plain error where the evidence was admitted without advance notice and was not relevant to any issue at trial.

> III. Petitioner was denied his Fourteenth Amendment right to a fair trial by the prosecutors repeated acts of misconduct.

> IV. The trial court denied Petitioner his Fourteenth Amendment right to present a defense, equal protection under the law, and his right to a fair trial, by excluding material defense evidence.

> V. Petitioner was denied his constitutional right to effective assistance of counsel where counsel failed to object to the prosecutor's misconduct; failed to timely present material evidence; failed to object to inadmissible hearsay; and failed to call and/or question witnesses who would have testified favorably for the defense.

> VI. Petitioner's 25-50 year sentence is grossly disproportionate in violation of his Eighth Amendment right to be free from cruel and unusual punishment, and is a product of judicial bias resulting from his successful State appeal.

> VII. Petitioner was denied his constitutional right to effective assistance of appellate counsel where counsel was acting under an actual conflict of interest, and forfeited his right to oral arguments by failing to timely file Petitioner's brief on appeal.

> VIII. Petitioner is entitled to an evidentiary hearing on his claims of ineffective assistance of counsel.

## II.  THE FACTS LEADING TO THE CONVICTION

The facts, as set forth in the opinion from the Michigan Court of Appeals are consistent with Petitioner's rendition of the facts underlying his conviction, which are largely undisputed by Respondent:

> At trial, the complainant testified that his father introduced him to defendant when the complainant was about twelve years old. Defendant would sometimes accompany the complainant to his baseball games and then afterward take the complainant back to his apartment where he would massage the complainant and ask the complainant to massage him. The complainant testified that when he was about thirteen or fourteen, defendant moved into his

3

home. He took the complainant to movies, bought him things, and let him use his truck. The body massages continued, and then defendant performed oral sex on the complainant and had the complainant perform oral sex on him. Defendant would put Vaseline, baby lotion, or lotion on the complainant's thighs and then masturbate. He attempted anal intercourse once. The complainant also testified that defendant had taken pictures of him coming out of the shower and sleeping naked.

Similarly, the other young man testified that when he was about twelve years old, defendant began dating his sister. Defendant would often take the witness out to see movies or out to eat. The witness testified that after defendant moved into the house with the witness and his sister, he began to molest the witness. Sometimes defendant would ask the witness to give him back massages. He would put Vaseline on the witness's buttocks and legs and then masturbate by rubbing on the witness. The witness further testified that defendant performed oral sex on the witness, had the witness perform oral sex on him, and attempted anal intercourse once. Defendant also took photographs of the witness during at least one assault. These episodes sometimes took place at defendant's apartment and sometimes at the witness's house.

*People v Kittle*, No 211628 (Mich App, Aug 11, 2000).

## III.   LEGAL STANDARD FOR HABEAS REVIEW OF STATE CONVICTIONS:

### A.   Standard of Review Under the  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") [1]

To be entitled to habeas relief, a petitioner must show that his conviction

and/or sentence were imposed in violation of the federal constitution or other federal

law.  In addition, a petitioner must establish actual prejudice from the error.  *Brecht v.*

*Abrahamson*, 507 U.S. 619, 637-38 (1993).  Federal courts must give complete

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104- 132, 110 Stat. 1214 (1996).

4

deference to a state court's findings supported by the evidence. *Sumner v. Mata*, 455 U.S. 591, 597 (1982). Petitioner may rebut the presumption of correctness only with clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Smith v. Jago*, 888 F.2d 399, 407 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Further, trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas petition unless the error renders the trial so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment. *Estelle v. McGuire*, 502 U.S. 62 (1991); *Waters v. Kassulke*, 916 F.2d 329, 335 (6th Cir. 1990); *Matlock v. Rose*, 731 F.2d 1236, 1242 (6th Cir. 1984), *cert. denied*, 470 U.S. 1050 (1985). Even a trial court's abuse of discretion, without more, does not show a violation of the federal constitution and therefore does not warrant habeas relief. *Sinistaj v. Burt*, 66 F.3d 804, 805 (6th Cir. 1995).

AEDPA modified 28 U.S.C. §2254(d) to require that where a claim has been adjudicated on the merits in state court proceedings, federal habeas relief shall not be granted unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Supreme Court has explained how §2254(d)(1) is to be applied: "A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth

5

in our cases." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Id.* at 405-06.

A federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable...
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law .... Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409-11 (emphasis in original).

## B.    Procedural Bar - Exhaustion of State Court Remedies.

Before a state prisoner may challenge the constitutionality of his state court conviction by seeking habeas corpus relief pursuant to 28 U.S.C. §2254, the state prisoner must first exhaust available state court remedies by presenting his claims to the state courts, to provide them with an opportunity to remedy any constitutional infirmities in his conviction. 28 U.S.C. §2254(b) and (c); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A prisoner confined pursuant to a Michigan conviction must

6

raise each habeas issue in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal review of the conviction. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1978). Unless an exception applies, a petition must be dismissed for lack of exhaustion if it contains at least one issue which was not presented to the state courts, so long as a remedy is still available for the petitioner to pursue in the state courts. *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982); *Rockwell v. Yukins*, 217 F.3d 421, 424(6th Cir. 2000) (the AEDPA maintains the *Rose* requirement that a mixed petition must be dismissed).

On the other hand, the Supreme Court stated that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

This exception is contained in AEDPA, 28 U.S.C.A. § 2254(B)(2), which states that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

## IV. ANALYSIS OF PETITIONER'S CLAIMS

**A. Other Acts Evidence under MRE 404(b) and Claim I.**

Petitioner first argues he was denied his rights to due process and a fundamentally fair trial by the trial court's admission of other acts testimony of Robert Dewhurst who testified that Petitioner had molested him when he was twelve years old, which according to Petitioner was admitted for the purpose of showing propensity to engage in sexual activity with young boys, and was not relevant to any issue at trial.

The Michigan Court of Appeals in its analysis of this issue raised by Petitioner, held that unless a showing of abuse of discretion was shown, the admission of the other acts evidence was within the trial court's discretion. The trial court properly admitted the evidence for the purpose of establishing the absence of mistake or accident or to show defendant's "modus operandi" and instructed the jury accordingly.  Unless there is a showing by Petitioner that the Michigan Court of Appeals' ruling on the admission of the evidence infringed upon a specific constitutional rights or was so prejudicial as to render the trial fundamentally unfair, Petitioner is not entitled to habeas relief on this claim.  *Estelle v McGuire*, 502 US 62 (1991).

Under Michigan Rule of Evidence 404(b) other acts evidence may be admissible to prove "motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident."  The Michigan Court of Appeals found that this evidence was admitted for the proper purpose of showing defendant's modus operandi, and that its probative value was not substantially outweighed by the danger of unfair prejudice. The admitted evidence is

8

of probative value to intent, preparation, scheme, plan, or system in doing an act in that Petitioner employed a particularized *modus operandi* grooming his victims beginning at the age of twelve with movie outings, progressing to massages and culminating with sexual assault. This combined with the limiting instruction from the trial court, does not show that the court of appeals infringed upon a specific constitutional right or rendered the trial fundamentally unfair.

**B. Default Claims II - V and Ineffective Assistance of Trial and Appellate Counsel on the First Appeal of Right**.

Petitioner's second through fifth claims were not raised in his direct appeal and were denied post judgment review by the state courts based on a state court procedural default. Petitioner agrees in his reply brief that claims two through four were raised for the first time in post conviction motion but he asserts that claim five was raised in his supplemental brief filed in his second appeal of right designated as issue II and as such should not be procedurally defaulted.

Petitioner's second claim asserts prosecutorial error in the introduction of irrelevant prior bad acts evidence relating to Petitioner's alleged molestation of a little girl without proper notice to the defense and in violation of his right to due process and a fundamentally fair trial. In his third habeas claim, Petitioner asserts various instances of prosecutorial misconduct in violation of his right to a fair trial including the prosecutor's deliberate reference to facts not in evidence such as testimony that the Petitioner hid his legal papers and that he was a member of child actor Jason Bateman's fan club and misrepresentation of other testimony. Petitioner's fourth

9

habeas claim argues that the trial court abused its discretion and violated his

Fourteenth Amendment rights to a fair trial, equal protection of the law, and to

present a defense by not allowing the late introduction of a Presentence Investigation

Report from an earlier conviction. Petitioner raised these claims for the first time in a

motion for relief from judgment.

Petitioner's fifth habeas claim asserts that he was denied the effective

assistance of counsel.

Petitioner failed to meet his burden of establishing entitlement to relief under

MCR 6.508(D) and accordingly both the Michigan Court of Appeals and the

Michigan Supreme Curt denied his application for leave to appeal.  *People v Kittle*,

No 259476 (Mich App, June 24, 2005) and *People v Kittle*, No 129109 (Mich, Dec

27, 2005).   MCR 6.508(D)(3) provides, in pertinent part:

> (D) **Entitlement to Relief**. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
> * * *
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior                motion, and
>
> (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,
>
> (I) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;
> * * *
> (iii) in any case, the irregularity was so

> offensive to the maintenance of a sound judicial
> process that the conviction should not be
> allowed to stand regardless of its effect on the
> outcome of the case;
>
> * * *
>
> The court may waive the "good cause" requirement of subrule (D)(3)(a) if it
> concludes that there is significant possibility that the defendant is innocent of
> the crime.

When federal claims are defaulted in state court in a decision based on an independent and adequate state procedural rule, these claims cannot be review in a habeas proceeding. *Coe v. Bell*, 161 F.3d 320 (6th Cir., 1998). A federal habeas petitioner who fails to comply with a state's procedural rules waives his right to federal habeas review absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Luberda v. Trippett*, 211 F.3d 1004, 1006 (6th Cir. 2000) quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

Petitioner argues in his habeas petition that his fifth claim for ineffective assistance of trial counsel was not raised on direct appeal because of ineffective assistance appellate counsel on his first appeal. In his reply brief, (Dkt. #8), he argues that this claim had in fact been raised on direct appeal in a supplemental brief. The Court of Appeals opinion does acknowledge that in addition to challenging his resentencing in this second appeal to the Court of Appeals, Petitioner also argued that he was " 'legally and factually innocent of all degrees of criminal sexual conduct,' and in a standard brief that his trial counsel was ineffective." *People v. Kittle* ,2003 WL 22975697 3 (Mich.App.,Dec. 18, 2003). The appellate court denied

11

this ineffective assistance of trial counsel claim  as beyond the scope of the remand

for resentencing, and also denied it as procedurally defaulted and not meritorious.

Petitioner's application for leave to appeal in the Michigan Supreme Court, was

denied on June 30, 2004, with a one sentence opinion referencing MCR 6.508(D).

*People v Kittle*, No 125520.[2]  Thus, the Court of Appeals opinion was the last

considered judgment on this issue of ineffective assistance of trial counsel thus, it is

to that opinion this court must look to determine if the claim was resolved on a

separate and independent state law ground of procedural default.

     If a state court does not expressly rely on a procedural deficiency, then a

federal court may conduct habeas review. *Caldwell v. Mississippi*, 472 U.S. 320, 327,

105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); *Bowling v. Parker,* 344 F.3d 487, 499 (6th

Cir.2003) (proceeding to consideration of the merits of petitioner's claims because the

Kentucky Supreme Court reviewed the ineffective assistance of counsel claims on the

merits, in spite of a procedural bar to review, and therefore the reliance on procedural

default was not "unambiguous"). *Baze v. Parker,*  371 F.3d 310, 320 (6th Cir. 2004).

Yet, subsequent discussion of the merits does not always cast a doubt on the

procedural bar being an expressed reason for the decision. *Simpson v. Jones*, 238 F.3d

---

    [2] *People v. Kittle* (Mich. Dec, 27, 2005) 707 N.W.2d 200 (Table) 474 Mich. 974,707
N.W.2d 200 (Table), 2005 WL 3533291:
        Disposition: On order of the Court, the application for leave to appeal the June 24,
        2005 order of the Court of Appeals is considered, and it is DENIED, because the
        defendant has failed to meet the burden of establishing entitlement to relief under
        MCR 6.508(D).

399, 407-09 (6th Cir.2000); *Clifford v. Chandler,* 333 F.3d 724, 728-29 (6th

Cir.2003), overruled in part on other grounds by *Wiggins v. Smith*, 539 U.S. 510, 123

S.Ct. 2527, 156 L.Ed.2d 471 (2003). *Clifford* held that when a state court relies on an

independent procedural ground to deny relief, a discussion of the merits will not

supersede the procedural bar to habeas relief. See also *Baze ,* 371 F.3d at 320.

*Scott v. Mitchell* 209 F.3d 854, 865 (6th Cir. 2000), notes:

> The issue addressed in *Harris* [*v. Reed,* 489 U.S. 255, 257(1989)] . . .
> is whether the state court decision actually relies on a state procedural
> ground that is both adequate and independent from federal law; *Harris*
> does not preclude a finding that the state procedural rule was actually
> enforced where the state court decision also relies on an alternative
> ground.

> Here the Michigan Court of Appeals held in Petitioner Kittle's second appeal:

> Because this Court remanded the case specifically for resentencing,
> the issues in the instant appeal are limited to issues arising out of
> resentencing. Because the issues defendant now raises did not arise out
> of resentencing, and because defendant did not raise them on his first
> appeal as of right, he has forfeited his right to review of the issues by
> failing to timely assert them. *People v. Carter,* 462 Mich. 206, 215-
> 216; 612 NW2d 144 (2000). Even if we were to consider these factors,
> we hold that the evidence presented at trial warrant conviction and
> further, that defendant was not denied effective assistance of counsel.

*People v. Kittle* , 2003 WL 22975697, 3 (Mich.App.,Dec. 18, 2003).

It must be said that the language " he has forfeited his right to review of the

issues by failing to timely assert them" expressly articulates a state procedural ground

that is both adequate and independent from federal law and cannot be considered an

ambiguous holding based on procedural default.  The alternate finding does not

modify this as being an unambiguous basis for the Court of Appeal's ruling on

ineffective assistance of trial counsel.  Thus, the ineffective assistance of trial counsel

claim was not properly submitted to the state court on direct appeal. This second appeal also considered and denied relief on Petitioner's seventh claim dealing with ineffective assistance of his second appellate counsel, which will be considered below.

Because Petitioner has procedurally defaulted claims II-V, this Court must consider whether there is cause and prejudice or a claim of actual innocence under *Coleman v. Thompson* to excuse such a failure. The question then becomes whether his appellate counsel on his first appeal of right (who are identified as Ralph Simpson and Sarah Hunter in ¶ 17 of his petition. Dkt. # 1) were ineffective for failing to raise these claims in his direct appeal.[3] Ineffective assistance of appellate counsel may be sufficient cause for failure to raise an ineffective assistance of counsel claim. *Howard v. Bouchard,* 405 F.3d 459, 478 (6th Cir. 2005). Yet, ordinary attorney error does not constitute cause. *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Lucas v. O'Dea,* 179 F.3d 412, 419 (6th Cir. 1999). Rather, the error must amount to constitutionally ineffective assistance of counsel under the test enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984). *Coleman v. Thompson,* 501 U.S. 722, 753-54 (1991); *Howard*, 405 F.3d at 478; *Manning v. Hoffman,* 269 F.3d 720, 723-24 (6th Cir. 2001) (ineffective assistance of appellate counsel can be cause).

The Supreme Court has established a two-prong test for determining whether counsel's performance was ineffective for Sixth Amendment purposes:

---

[3] This is a separate issue from his claim VII dealing with ineffective assistance of his appellate counsel Donald Cook in his second appeal of right.

14

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

The standard to be applied is not that of a hypothetical perfect counsel, but that of reasonably effective counsel under prevailing professional norms. *Id.*, 466 U.S. at 687-88, 104 S. Ct. at 2064-65. When evaluating counsel's performance under the *Strickland* test, the Sixth Circuit has emphasized that "[a] reviewing court must give a highly deferential scrutiny to counsel's performance. . ." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). This is based on the well established principle that legal counsel is presumed competent. *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989), *aff'd without opinion*, 972 F.2d 348 (6th Cir. 1992), *cert. denied*, 507 U.S. 917, 113 S. Ct. 1273 (1993). As the Court in *Strickland* stressed:

> it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

466 U.S. at 689, 104 S. Ct. at 2065.

15

The failure to raise a claim on appeal, even those that are meritorious, does not constitute ineffective assistance of appellate counsel sufficient to establish cause to excuse a procedural default. *Rust v. Zent*, 17 F 3d 155 (6th Cir. 1994). The United States Supreme Court held that, even though one can raise a *Strickland* claim for ineffective assistance of appellate counsel it is difficult to demonstrate incompetence because appellate counsel should not raise every nonfrivolous claim but rather should select those few that "maximize the likelihood of success on appeal." *Smith v Robbins*, 528 U.S. 259, 288 (2000). Where appellate counsel is provided to a defendant, there is a presumption "that the result of the proceedings on appeal is reliable, and we require [a habeas petitioner] to prove the presumption incorrect in his particular case." *Ibid.*

Here, Petitioner makes no such showing other than asserting in his Reply brief that had appellate counsel raised these issues it would have maximized the likelihood of success on appeal and there is a reasonable probability that the result of the state appeal may have been different ( Dkt. # 8, at p. 5). This conclusory assertion is an inadequate showing, and a review of each of these defaulted claims II-V does not demonstrate singly or in combination that had they been raised the appellate outcome would likely have been different.

Nor has Petitioner made a plausible showing of a fundamental miscarriage of justice, to wit: actual innocence. *Schlup v. Delo*, 513 U.S. 298 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id*. at 321.

There has been no showing to demonstrate that Petitioner is innocent of the crimes for which he was convicted. On August 6, 2007, Petitioner filed a motion for an evidentiary hearing to establish ineffective assistance of counsel, which was denied on February 28, 2008 (Dkts. #10 and #11). No where in his motion for an evidentiary hearing did Petitioner provide evidence that there was a constitutional error nor has he provided such evidence with his current petition for habeas relief. On February 8, 2009, this Court denied Petitioner's request for an evidentiary hearing, and that his request in Claim VIII for a evidentiary was properly denied. (Dkt. # 11)

And because he has failed to establish cause for his procedural default on claims II-V or actual innocence, it is recommended that federal habeas review of claims II-V be declined.

## C. Sentencing claim VI

Petitioner next argues that his sentence of 25-50 years for third-degree CSC and as a fourth felony offender violates the Eighth Amendment because it is disproportionate to the crime committed. Ths claim was exhausted in Petitioner's second appeal of right.

As a general rule, a sentence imposed within the statutory limits is not subject to habeas review. *Townsend v. Burke,* 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F.Supp 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.). Furthermore, a sentence within

17

the maximum term of confinement as set by state statute does not normally provide a

cause of action under the Eighth Amendment for cruel and unusual punishment.

*Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000)  Generally, federal habeas review

of a state court sentence ends once the court makes a determination that the sentence

is within the limitation set by statute.  *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th

Cir. 2000); *see also Allen v. Stovall*, 156 F. Supp.2d 791, 795 (E.D. Mich. 2001).

      Petitioner does not claim that his sentence was outside of a statutory

maximum.  It is also significant that strict proportionality between a crime and its

punishment is not required by the Eighth Amendment.  *Harmelin v. Michigan*, 501

U.S. 957, 959-60 (1991).  Following *Harmelin,* the Sixth Circuit has ruled that "there

is no requirement of strict proportionality; the Eighth Amendment is offended only by

an extreme disparity between crime and sentence."*United States v. Hopper,* 941 F.2d

419, 422 (6th Cir. 1991).  Petitioner's sentence is within the statutory maximum

penalty under Michigan law.  Additionally, Petitioner's sentence is not grossly

disproportionate to his crime;  there is no extreme disparity between petitioner's crime

and his sentence. As the trial judge considered the circumstances surrounding the

Petitioner's criminal behavior, there was evidence of systematic grooming and sexual

abuse of the victim in the  case as well as similar behaviors perpetrated against other

minors including a conviction for CSC in the second degree perpetrated against a

four-year-old girl and Petitioner was under supervision by the community as a sex

offender when he committed the acts underlying his convictions.  And finally, to the

extent Petitioner argues his sentence was disproportionate to the crime, he was not

18

given a sentence of death or life without possibility of parole, which is required for a federal court to engage in a proportionality analysis.  *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).  Therefore, Petitioner's claim is not cognizable on habeas review because a defendant has no federal constitutional right to a specific sentence under a state's sentencing guidelines.

**D. Ineffective assistance of appellate counsel  on Second Appeal of Right Claim VII.**

Petitioner asserts that his second appellate counsel was ineffective for filing a brief late and losing his right to oral arguments.  He also asserts that he moved to have this attorney removed by the trial court before his resentencing based on a conflict of interest. This was denied.  The Court of Appeals on his second appeal of right refused to review the ineffective assistance of counsel claims regarding his trial counsel and counsel on his first appeal of right, but did address his claims regarding his counsel on the second appeal of right before it. The Court of Appeals held:

> Defendant also asserts that his current appellate counsel's "untimely filing [of the appellate brief] has already prejudiced defendant's right to appeal by the forfeiture of oral argument. MCR 7.212(A)(4)," and that "counsel is intentionally attempting to prejudice defendant's appeal of right through the artificial creation of procedural default." MCR 7.212(A)(4) provides that "any party failing to timely file and serve a brief required by this rule forfeits the right to oral argument." However, defendant has not demonstrated that his appellate counsel's deficiency, i.e., the failure to timely file resulting in forfeiture of oral argument, seriously prejudiced defendant. Defendant has failed to show that his current appellate counsel's performance was deficient under an objective standard of reasonableness, or how any such deficiency prejudiced defendant; therefore, defendant is not entitled to a new appeal.

19

Petitioner cites case law that there is a presumption of prejudice when an appellate counsel missed a deadline that bars any appeal or any appeal for other than plain error. But here the deadline did not limit the legal issues Petitioner could raise on appeal, but merely precluded oral argument on those issues. There is no showing that error of counsel caused a reasonable probability that the outcome would have been different had oral argument been had. Thus, there is no prejudice shown for this error of counsel. While Petitioner also asserts that his appellate counsel had a conflict of interest – which also carries with it a presumption of prejudice – he submits no facts supporting this conclusion. Thus, Petitioner fails to demonstrate that his second appellate counsel violated the ineffective assistance of counsel standards articulated in *Strickland* and this claim for relief should also be denied.

III.   RECOMMENDATION

For the reasons stated above, IT IS RECOMMENDED that Petitioner Kittle's motion under 28 U.S.C. § 2254 to set aside his conviction be DENIED. Because this result would not be debatable among reasonable jurists, IT IS FURTHER RECOMMENDED that pursuant to 28 U.S.C. § 2253 (c) a certificate of appealability should not issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). Failure to file objections within the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Pursuant to

20

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 15, 2009                        s/Steven D. Pepe
Ann Arbor, Michigan                      United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 15, 2009 .

s/Jermaine Creary

Interim Case Manager