**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JON PATRICK KITTLE,

       Petitioner,                      CASE NO. 06-14538

                                     HON. MARIANNE O. BATTANI

v.                                     MAGISTRATE JUDGE STEVEN D. PEPE

DOUGLAS VASBINDER,

       Respondent.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
DENYING PETITIONER'S APPLICATION FOR THE WRIT OF HABEAS CORPUS**

Jon Kittle filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction of four counts of third-degree criminal sexual conduct. The matter was referred to Magistrate Judge Steven D. Pepe for report and recommendation pursuant to 28 U.S.C. § 636(b)(1).

Magistrate Judge Pepe recommended that this Court deny Petitioner's petition (See Report and Recommendation at 1). Petitioner filed timely objections to the Report and Recommendation, which the Court has considered. For the ensuing reasons, the Court **REJECTS** Petitioner's objections, **ADOPTS** the Report and Recommendation, and **DENIES** with prejudice the Petition for Writ of Habeas Corpus.

## I. BACKGROUND

Petitioner was found guilty at the conclusion of a jury trial of four counts of first-degree criminal sexual conduct by a jury. The Court sentenced Kittle to four concurrent terms of 30-70 years imprisonment as a fourth habitual offender/second sexual offender. Kettle appealed, and the Michigan Court of Appeals vacated his first-degree convictions and remanded for entry of judgment for conviction of four counts of third-degree criminal sexual conduct and resentencing. People v. Kittle, No. 211628 (Mich. Ct. App., August 11, 2000). The Michigan Supreme Court denied the state's application for leave to appeal. People v. Kittle, 639 N.W. 2d 255 (Mich. 2001).

After resentencing, Kittle appealed, albeit unsuccessfully. People v. Kittle, No. 259476, 2003 WL 22975697 (Mich. Ct. App. Dec. 18, 2003). The Michigan Supreme Court denied Kittle's application for leave to appeal. People v. Kittle, 682 N.W.2d 92 (Mich. 2004). Petitioner then filed his habeas petition challenging his conviction on numerous grounds.

## II.   STANDARD OF REVIEW

Once a party has filed objections to a Magistrate Judge's Report and Recommendation, the district court must conduct a *de novo* review of the specific portions of the report to which the petitioner objects. 28 U.S.C. § 636(b)(1).

## III.   ANALYSIS

According to 28 U.S.C. § 2254, as amended by the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA"), the following standard of review is imposed on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Section 2254 also dictates that federal courts must presume the correctness of state court factual determinations upon habeas review:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

The Supreme Court has explained the phrase, "clearly established federal law," as referring to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). The holdings of Supreme Court decisions, as opposed to the dicta, form the governing legal principles of a particular time. Williams v. Taylor, 529 U.S. 362, 412 (2000). Thus, a federal court conducting habeas review must look to relevant Supreme Court precedent at the time the state court rendered its decision. See Id.

A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite of that reached by the Supreme Court on a

question of law, or if the state court reaches a substantially different conclusion than the Court based upon a set of materially indistinguishable facts. Id. at 412-13.

An "unreasonable application" of clearly established federal law occurs "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. A federal habeas court may not, however, find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, a habeas petitioner must demonstrate that the state court's application of clearly established federal law to the facts of his case was objectively unreasonable. Price v. Vincent, 538 U.S. 634, 641 (2003). Bearing in mind these standards of review, the Court now considers the merits of Petitioner's objections.

### A. Admission of Similar Acts Evidence

Kittle objects to the Magistrate Judge's recommendation that evidence admitted under Michigan Rule of Evidence 404(b) was proper. At trial, the court allowed the testimony of Robert Dewhurst, who testified that Petitioner had molested him when he was twelve years old. Petitioner maintains that the testimony was admitted to show Kittle's propersity to engage in sexual activity with young boys, and that it was not relevant to any issue at trial. Petitioner concludes that the admission of the evidence infringed upon his constitutional rights because the testimony was "so prejudicial as to render the trial fundamentally unfair." Objections at 3.

Under MICH. R. EVID. 404(b), evidence of prior bad acts may be admissible to show "proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing

4

an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case." However, "where the conduct offered consists merely in the doing of other similar acts, it is obvious that something more is required than that mere similarity, which suffices for evidencing intent." People v. Sabin, 614 N.W.2d 888, 899 (Mich. 2000) (quotations and citations omitted).

The trial court admitted evidence to show Kittle's modus operandi relative to grooming his victims, beginning at the age of twelve, through outings, progressing to massages, and culminating in sexual assault. The evidence was admitted to show a common method of preparation–a characteristic scheme used by Petitioner. Because Kittle denied the molestation every took place, all elements of the offense were at issue.

The constitutional question here is whether the state court should have found that the introduction of this evidence made Kittle's trial so fundamentally unfair as to deny him due process. See Estelle v. McGuire, 502 U.S. 62 (1991); Seymour v. Walker, 224 F.3d 542, 552 (6th Cir. 2000) (for a "state-court evidentiary rulings [to] rise to the level of due process violations" they must " 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' ") (quoting Montana v. Egelhoff, 518 U.S. 37, 43 (1996)). Here, the admission of the evidence was constitutionally permissible: it was relevant for the reasons cited by the state courts. In sum, this Court finds that the state trial court's rulings as to the admission of "other acts" evidence was not so fundamentally unfair as to violate Kittle's due process rights.

**B. Procedural Default**

Next, Petitioner challenges the recommendation that his second through fifth claims are procedurally defaulted. Although Petitioner does not dispute that he raised claims two through four for the first time in a post conviction motion, he nevertheless claims that the "fundamental miscarriage of justice, i.e. factual innocence" exception to the procedural default rule warrant issuance of the writ.

Without question, a federal court bears a duty to consider the merits of a procedurally defaulted claim, provided a failure to do so would result in a fundamental miscarriage of justice. Nevertheless, this exception is exceedingly narrow and is reserved for extraordinary cases in which a petitioner can show that a constitutional violation has probably resulted in the conviction of a factually innocent person. Schlup v. Delo, 513 U.S. 298, 321(1995); Murray v. Carrier, 477 U.S. 478, 496 (1986).

For Kittle to establish a claim of actual, factual innocence, he must present new evidence "showing that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. In this case, Kittle has not even advanced a colorable actual innocence claim. He has offered no new evidence, he merely restates the position rejected by the jury–that he is not guilty.

In the alternative, Kittle relies on Kimmelman v. Morrison, 477 U.S. 365, 378 (1986), to contest the finding that his ineffective assistance of counsel claim has been procedurally defaulted.[1] Kittle asserts that his trial counsel was ineffective in failing to

---

[1] In his petition, Kittle identifies several failure on the part of counsel, including the failure to object to the admission of Petitioner's alleged molestation of a young girl; the fail[ure] to object to the prosecutors's misconduct as referenced in his third claim; the fail[ure] to timely present the Presentence Investigation Report as referenced in his

question and call various material witnesses who would have testified favorably about Petitioner's character and relationship with the complainant. Petition at 4-5. According to Kittle, counsel should have subpoenaed potential witnesses, who "could have testified how Petitioner would help the complainant, so that he could see his girlfriend without [his guardian] knowing" about it and "the hostilities which existed between" the complainant and his guardian. Id.

The Supreme Court has recognized an exception to the general default rule when the underlying claim is ineffective assistance of counsel. Specifically, counsel has a duty to investigate all reasonable lines of defense, or make reasonable determinations that such investigation is not necessary. Strickland v. Washington, 466 U.S. 668, 691 (1984). See also Roe v. Flores-Ortega, 528 U.S. 470, 481 (2000) (observing that decisions as to what evidence to present and whether to call certain witnesses are generally presumed to be a matter of trial strategy, though such decisions must be reasonable). Moreover, the failure to call witnesses or present other evidence may constitute ineffective assistance of counsel when it deprives a defendant of a substantial defense. See Chegwidden v. Kapture, No. 03-1527, 2004 WL 551471 (6th Cir. March 19, 2004) (noting that "[t]here is no showing on this record that other witnesses could have enhanced the defense").

In this case, trial counsel's decision not to call these character witnesses did not deprive Petitioner of a substantial defense. Assuming the truth of Petitioner's assertion

---

fourth claim; and the fail[ure] to object to two separate incidents of highly prejudicial inadmissible hearsay testimony, one involving the complainant's bolstering statements given to a high school social worker, and the other to the effect of Petitioner giving the complainant drugs and alcohol. He failed to object to the analysis of these claims.

that he requested his trial counsel call these potential witnesses to provide "character" evidence, counsel's tactical decision not to call these witnesses is well within the range of reasonable assistance. These witnesses had no information about the specific conduct forming the basis of the charges against Kittle, and consequently, could not testify about facts directly relevant to his innocence. Petitioner has failed to establish that counsel erred or that he was prejudiced by counsel's conduct in this regard. Because his ineffective assistance of trial counsel claims thus lack merit, Kittle has failed to demonstrate that his appellate counsel provided constitutionally ineffective assistance in failing to raise this claim. In sum, Petitioner has not shown cause for his state court procedural default of this claim.

## IV. CONCLUSION

Accordingly, this Court **ADOPTS** Magistrate Judge Pepe's Report and Recommendation in its entirety. The Petition for Writ of Habeas Corpus is **DENIED**. The Court further finds that a certificate of appealability (COA) should issue with respect to both claims challenged in Petitioner's objections. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet that standard, a petitioner must "show [ ] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation omitted). Here, the issues raised are worthy of encouragement to proceed further. Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that with

respect to any application by Petitioner to proceed on appeal in forma pauperis, an appeal of this Order would be taken in good faith. FED. R. APP. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: March 10, 2010

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon the Petitioner and Counsel of Record on this date via ordinary mail and/or ECF Court System.

s/Bernadette M. Thebolt
Case Manager